**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 3, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-2472

| | |
|---|---|
| EDDIE J. ARRINGTON,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>WAL-MART STORES, INC.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division<br><br>No. 1:02-CV-386<br><br>William C. Lee,<br>*Judge.* |

## O R D E R

Eddie Arrington was fired from his job at Wal-Mart after the cash register he was operating came up a few dollars short. He sued claiming that really he was fired because he is black, and after Wal-Mart counterclaimed to recover the money it says Arrington took from the register and gave to a co-worker, Arrington amended his complaint to add a retaliation claim. The district court granted summary judgment for Wal-Mart on both the discrimination and retaliation claims. Arrington appeals, and we now affirm.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

We view the evidence at summary judgment in the light most favorable to Arrington. *Ballance v. City of Springfield*, 424 F.3d 614, 616 (7th Cir. 2005). Arrington worked at a Wal-Mart store in Fort Wayne, Indiana, as a cashier in the store's restaurant. On October 18, 2000, the restaurant experienced a $15 shortage. Following company procedure, the store's loss-prevention investigator reviewed the transaction records from the restaurant cash register and also watched the videotape from a surveillance camera trained on the register. The investigator became suspicious about a transaction between Arrington and a white co-worker, Jody Lauer. Lauer had purchased a soda for $1.04, which she paid for with a five-dollar bill and four pennies. Although she was entitled to $4.00 in change, the surveillance videotape showed that Arrington removed a number of one-dollar bills from the register, fanned them open, and handed the money to Lauer. The investigator reported to his supervisor, Micah Hawk, that the number of singles given to Lauer appeared to total more than four. After watching the video and reviewing the transaction records independently, Hawk interviewed Arrington on October 24, his next scheduled workday. Arrington would not answer Hawk's questions about the soda transaction; instead he became upset, accused Hawk of lying, and left the interview. Hawk reported the encounter to a store manager, who accepted Hawk's recommendation and immediately fired Arrington. Paperwork completed that same day by the manager gives the reason for his termination as "gross misconduct—integrity issue." The following day Hawk interviewed Lauer; she confessed in writing that Arrington gave her $9.00 in "change" to which she was not entitled. Another store manager then fired Lauer on Hawk's recommendation.

Arrington sued in state court under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Wal-Mart removed the action to federal court and counterclaimed for the money Arrington gave Lauer, who would not repay it. Arrington then amended his complaint to add a claim accusing Wal-Mart of pressing a frivolous counterclaim to retaliate for his discrimination suit. Arrington and Wal-Mart both moved for summary judgment, but before the hearing on the parties' motions Arrington discharged his attorney and opted to proceed *pro se*. After the district court granted summary judgment for Wal-Mart on Arrington's discrimination and retaliation claims, the company dismissed its counterclaim.

We review a grant of summary judgment de novo, *Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005), and will affirm if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," *see* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Arrington addresses only the discrimination claim in his brief, and thus has abandoned any argument concerning the resolution of his retaliation claim. *See Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005) ("The failure to develop an argument constitutes a waiver.").

Arrington relies only on the direct method of proving that Wal-Mart terminated him because of his race. A plaintiff relying on the direct method may utilize both direct and circumstantial evidence to establish discriminatory motivation. *Rudin v. Lincoln Land Cmty. College*, 420 F.3d 712, 721 (7th Cir. 2005). Direct evidence of race discrimination is evidence that, if believed by the trier of fact, would prove discriminatory conduct on the part of the employer "without reliance on inference or presumption." *Id.* (internal quotation and citation omitted). In this context, direct evidence would essentially be an outright admission by the decision-maker that the challenged action was undertaken because of the employee's race. *Rogers v. City of Chicago*, 320 F.3d 748, 753 (7th Cir. 2003). Circumstantial evidence, in contrast, allows the trier of fact to infer a discriminatory motivation. *Jordan v. City of Gary*, 396 F.3d 825, 832 (7th Cir. 2005). Arrington concedes that he lacks direct evidence that he was terminated because of his race. He argues, however, that a jury could infer that theft was not the actual reason for his termination because the precise number of bills he handed Lauer cannot be discerned from the videotape, and because Lauer recanted her written confession after he filed suit.

Arrington's argument is without merit. It does not matter whether an exact number of one-dollar bills can be counted by watching the videotape. It matters only that the decision-makers at Wal-Mart really believed that Arrington had aided Lauer in committing theft, *see Adams v. Wal-Mart Stores, Inc.,* 324 F.3d 935, 940 (7th Cir. 2003); *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 289 (7th Cir. 1999), and Lauer's written confession that prompted her termination is enough to demonstrate the absence of any material dispute concerning that question. And even if we were to accept Lauer's testimony that she falsely confessed in response to Hawk's "coercion," her recantation raises no inference that Hawk pressured her to confess to further a plan to fire Arrington because of his race. *See Jordan*, 396 F.3d at 832-33.

AFFIRMED.